**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LATISH DURDEN, Individually    :
and as Surviving Parent and Next  :
of Kin of Baby Durden, Deceased,  :
                                  :
     Plaintiff,               :    CIVIL ACTION NO.
                                    :    1:14-CV-01163-RWS
v.                             :
                                  :
NEWTON COUNTY, GEORGIA,   :
EZELL BROWN, NEWTON       :
COUNTY DETENTION           :
CENTER, NEWTON COUNTY    :
SHERIFF'S OFFICE, and        :
NAPHCARE, INC.,             :
                                  :
     Defendants.          :

## <u>ORDER</u>

This case comes before the Court on Defendant NaphCare, Inc.'s Motion to Dismiss [4] and Motion for Reconsideration [18].  After considering the record, the Court enters the following Order.

### **Background**[1]

This action arises out of the stillbirth of Plaintiff Latish Durden's child while she was an inmate at the Newton County Detention Center.  Plaintiff was

---

[1] The following facts are taken from Plaintiff's Complaint [1-1] and are assumed to be true for the purposes of a motion to dismiss.

in the second trimester of a high-risk pregnancy when Plaintiff's incarceration began on January 25, 2012.  In fact, Plaintiff had notified prison staff that she had a high-risk pregnancy and requested medical care related to her pregnancy throughout her incarceration.  On March 13, 2012, Plaintiff had surgery at the Newton County Medical Center to treat an incompetent cervix.  Her doctor there instructed Plaintiff to observe strict bed rest while she was monitored around the clock by prison staff.  Staff members included employees of Defendant NaphCare, Inc., a government contractor that has supplied healthcare professionals and staff for the Newton County Detention Center since 2003. Further, Defendants were instructed to monitor warning signs of pre-term labor, including abdomen cramps, low dull back pain, pelvic pressure, vaginal discharge, and diarrhea.  If any of these warning signs did not go away after one hour, Defendants were to bring Plaintiff back to the hospital.

In the days following her surgery, Plaintiff experienced a number of symptoms, including nausea, vomiting, dehydration, dizziness, cramping, and bleeding and other vaginal discharge.  Plaintiff reported these symptoms and repeatedly requested medical treatment, but Defendants refused to take any action for several days.  Plaintiff experienced extreme cramping and pain in her

2

abdomen while she continued to bleed; she soaked through up to seven sanitary pads each day.  Plaintiff's symptoms lasted for four to five days before prison officials finally transported her by ambulance to the Newton County Medical Center on the morning of March 19, 2012.  On March 20, 2012, Plaintiff's child was stillborn.

Plaintiff filed this action in the State Court of Fulton County against the Newton County Defendants and NaphCare, the company providing healthcare services at the Newton County Detention Center, under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs resulting in a violation of her Eighth Amendment rights.  Plaintiff also asserted a state-law claim for medical negligence.  Defendants removed the case and then moved for dismissal. Plaintiff later filed motions to remand, amend, and voluntarily dismiss her Complaint.  On June 11, 2014, the Court entered an Order [15] dismissing all of Plaintiff's claims except her state-law negligence claim against NaphCare and then remanded the case to the State Court of Fulton County.  NaphCare moves for reconsideration of the Court's decision to remand.

### Discussion

## I.       Motion for Reconsideration

On April 18, 2014, Defendants filed their Notice of Removal indicating that their sole basis for removal was federal question jurisdiction.  After Plaintiff voluntarily dismissed all her claims against the Newton County Defendants, as well as her § 1983 claim against NaphCare, her only remaining claim was state-law negligence against NaphCare.  The Court then remanded this case because it determined it lacked diversity jurisdiction, as Plaintiff alleged that NaphCare was a Georgia corporation in her Complaint.  NaphCare moves for reconsideration, however, arguing that it is an Alabama corporation, and therefore the Court retains diversity jurisdiction.  Indeed, NaphCare pointed out in its Answer that it is an Alabama corporation.  (Dkt. [2] ¶ 9.)  Plaintiff did not file a response to NaphCare's motion, and thus NaphCare's motion is deemed unopposed.  See LR 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion.").  Because the Court finds a basis for diversity jurisdiction in the record, and given the lack of opposition to the motion, the Court **GRANTS** Defendant NaphCare's Motion for Reconsideration [18] and hereby **VACATES** the portion of its Order [15] remanding the case to the State Court of Fulton County.  The Court next considers NaphCare's previously submitted Motion to Dismiss.

4

**II.      Motion to Dismiss**

A.      <u>Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  <u>Id.</u>

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.  "Threadbare recitals of the

5

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

B.    Analysis

As the Court already dismissed the Eighth Amendment claims against NaphCare, the Court turns to NaphCare's arguments related to the medical negligence claim under state law.  Defendant asserts that (1) Plaintiff failed to comply with O.C.G.A. § 9-11-9.1; (2) pain and suffering by a stillborn child is not a recognized claim; (3) the Court should strike Plaintiff's reference to "homicide"; (4) the Court should strike Plaintiff's negligence per se claim; and (5) Plaintiff fails to state a claim for punitive damages.  Plaintiff failed to respond to NaphCare's arguments; thus, Defendant's arguments are deemed unopposed.  See LR 7.1B.

Defendant first argues that Plaintiff failed to comply with O.C.G.A. § 9-11-9.1's pleading requirement that a plaintiff asserting professional negligence file along with her complaint an affidavit from a competent expert setting forth his or her qualifications and opinions as to at least one negligent act or omission of each professional defendant.  While Plaintiff did attach an affidavit from a

6

doctor to her Complaint, Defendant argues that the affidavit is insufficient under the statute.  Even if the affidavit were insufficient, however, Defendant's argument fails.  In federal courts, "state law governs substantive issues, . . . while federal law governs pleading requirements."  Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993) (citations omitted).  This Court has previously held that O.C.G.A. § 9-11-9.1 does not apply in federal courts because it is a procedural obligation, not substantive state law.  See Baird v. Celis, 41 F. Supp. 2d 1358, 1362 (N.D. Ga. 1999) (holding "that O.C.G.A. § 9-11-9.1, requiring an expert affidavit to be filed with a complaint for professional malpractice, is in direct conflict with Federal Rule of Civil Procedure 8(a) which requires only notice pleading"); Zurich Am. Ins. Co. v. Sheffer Eng'g Co., No. 1:09-cv-666-RWS, 2011 WL 344095, at *4 (N.D. Ga. Jan. 31, 2011) ("[T]his Court has consistently held that O.C.G.A. § 9-11-9.1 does not apply in federal court.").  Accordingly, any defect in the affidavit does not defeat Plaintiff's negligence claim.

Second, Defendant argues that Plaintiff may not recover for her child's pain or suffering because Georgia law does not recognize such a right for stillborn children.  Defendant is correct, but not for the reasons it argues.

7

Defendant advances two arguments on this issue: (1) Plaintiff fails to plead that her fetus was viable, so she cannot recover for its pain and suffering; and (2) claims for pain and suffering belong to the decedent's estate and must be brought by the estate's administrator, whereas a wrongful death claim may be brought by the decedent's survivor and next of kin.  Because Plaintiff does not sue as the administrator of the decedent's estate, Defendant asserts that she cannot recover for pain and suffering.

At the outset the Court notes that "[a] wrongful death action for the death of a child under O.C.G.A. §§ 51-4-4 and 19-7-1 is separate and distinct from a survival action for pain and suffering of a child under O.C.G.A. § 51-4-5(b) and 9-2-41."  Blackstone v. Blackstone, 639 S.E.2d 369, 371 n.5 (Ga. Ct. App. 2006).  In wrongful death actions concerning the death of a child before birth, "Georgia has historically adhered to the concept of 'quickening.' "  Citron v. Ghaffari, 542 S.E.2d 555, 556 (Ga. Ct. App. 2000).  "The concept of 'quickening' is defined as that point in time when the fetus 'is able to move in its mother's womb.' "  Shirley v. Bacon, 267 S.E.2d 809, 811 (Ga. Ct. App. 1980) (quoting Porter v. Lassiter, 87 S.E.2d 100, 103 (Ga. Ct. App. 1955)).  At

8

that point, Georgia law recognizes an action for wrongful death of a fetus.[2]  The

concept of quickening is distinguished from the concept of viability, which is

defined as the point when a "fetus is 'capable of independent existence outside

his or her mother's womb, . . . even if only in an incubator." Citron, 542 S.E.2d

at 556 n.1 (quoting BLACK'S LAW DICTIONARY 1566 (6th ed. 1990)).

However, quickening only applies to wrongful death claims. Defendant

only challenges Plaintiff's claim for the unborn child's pain and suffering.  To

recover for prenatal pain and suffering, the child must be born alive.  In Peters

v. Hospital Authority of Elbert County, the Georgia Supreme Court considered

whether "a stillborn child [has] a right to recover for injuries sustained while

inside the womb."  458 S.E.2d 628, 629 (Ga. 1995).  The court first observed

that "O.C.G.A. § 51-1-9 authorizes '[e]very person' against whom a tort is

committed to recover therefor, and O.C.G.A. § 9-2-41 provides that a cause of

action for the recovery of damages for personal injury is not abated by the death

of a party."  Id.  The court further explained:

---

[2] See also Citron, 542 S.E.2d at 556 n.1 ("Georgia appears to be unique in its adherence to the concept of quickening.  The majority of jurisdictions that recognize a cause of action for wrongful death of a fetus limits such actions to claims arising after the fetus is viable.").

> It has been recognized that the parent of a stillborn child is statutorily entitled to recover the full value of the life of the stillborn, but no Georgia appellate court has ever held that the stillborn child has a cause of action against the tortfeasor who allegedly caused the stillborn delivery.  In order for the stillborn to have a cause of action, 'person,' as used in O.C.G.A. § 51-1-9, must be construed to include the unborn.  This we decline to do, as we are reluctant to accord legal rights to the unborn without conditioning those rights upon live birth.  Given the opportunity today, we expressly hold that the fetal victim of a tort must be born alive in order to seek recovery from the alleged tortfeasor pursuant to O.C.G.A. § 51-1-9.

Id. at 629-30.  Claims for pain and suffering vest in the administrator of an estate, see Blackstone, 639 S.E.2d at 371 n.5. However, here it matters not whether Plaintiff sues as next of kin or as administrator because the child was not born alive.  Consequently, under Georgia law the child's estate has no cause of action for pain and suffering.  NaphCare's Motion to Dismiss [4] is thus **GRANTED** as to Plaintiff's claim for her stillborn child's damages for pain and suffering.

Next, Defendant argues that the Court should strike any references to "homicide" in Plaintiff's Complaint as an attempt to invoke prejudicial and inflammatory language.  Plaintiff cites the Wrongful Death Act in her reference to homicide, where the term is defined as "all cases in which the death of a

human being results from a crime, from criminal or other negligence, or from

property which has been defectively manufactured, whether or not as the result

of negligence." O.C.G.A. § 51-4-1. Moreover, the statute permits "[t]he right

to recover for the homicide of a child as provided in Code Section 19-7-1."

O.C.G.A. § 51-4-4. Plaintiff therefore tracks the language of the statute

creating her cause of action, and the Court **DENIES** Defendant's request to

strike.

Defendant also moves to dismiss any claim for negligence per se.

"Georgia law allows the adoption of a statute as a standard of conduct so that its

violation becomes negligence per se." Brown v. Belinfante, 557 S.E.2d 399,

403 (Ga. Ct. App. 2001). Here, Plaintiff alleges that NaphCare committed

professional negligence but does not allege any statute established an applicable

standard of care. Thus, professional negligence is the appropriate theory under

which to consider Plaintiff's claim, not negligence per se. To the extent

Plaintiff asserts that NaphCare breached a duty imposed by O.C.G.A. § 42-5-2,

which provides that "it shall be the responsibility of the governmental unit,

subdivision, or agency having physical custody of an inmate to maintain the

inmate, furnishing him food, clothing, and any medical and hospital attention,"

11

that statute imposes a duty on Newton County, not NaphCare.  Besides, this duty only requires the county "merely to provide inmates with access to medical care.  What is considered proper medical care, however, is not addressed by the [statute]."  Kimbell v. Clayton County, Ga., No. 1:03-CV-2910-JEC, 2005 WL 7861525, at *16 (N.D. Ga. Sept. 27, 2005) (quoting Epps v. Gwinnett County, 499 S.E.2d 657, 663 (1998)).  Therefore, NaphCare's Motion to Dismiss is **GRANTED** on Plaintiff's negligence per se claim.

Finally, NaphCare moves to dismiss Plaintiff's claim for punitive damages, arguing that Plaintiff fails to plead any facts that would support such an award.  Under Georgia law, punitive damages "are awardable 'solely to punish, penalize, or deter a defendant.' "  Banks v. ICI Ams., Inc., 469 S.E.2d 171, 174 (Ga. 1996) (quoting O.C.G.A. § 51-12-5.1(c)).  A plaintiff must prove "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).  Plaintiff alleges that Defendants deliberately refused to give her medical treatment for several days, and she alleges facts that, construed in her favor, support this allegation.  Accordingly, Plaintiff plausibly

12

alleges that Defendants acted with conscious indifference to consequences, and Defendant's Motion to Dismiss is **DENIED** as to punitive damages.

### Conclusion

For the foregoing reasons, Defendant NaphCare's Motion for Reconsideration [18] is **GRANTED**, and the Court hereby **VACATES** the portion of its June 11, 2014 Order [15] remanding the case to the State Court of Fulton County. The portion of the Order [15] dismissing all claims except the state law medical negligence claim against Defendant Naphcare remains in effect. The Clerk is **DIRECTED TO REOPEN** the case against Defendant Naphcare.  Further, Defendant NaphCare's Motion to Dismiss [4] is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** as to Plaintiff's claim for her stillborn child's damages for pain and suffering and her claim for negligence per se.  It is **DENIED** as to all other claims.

The Court having ruled on the merits of the pending Motions to Dismiss [4, 6], the Stay [9] entered by the Court on April 30, 2014, is hereby **LIFTED**, and the Parties shall proceed with discovery.

13

**SO ORDERED**, this  5th  day of January, 2015.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)